PEOPLE v AL-SHARA

Docket No. 320209. Submitted May 8, 2015, at Detroit. Decided August 18, 2015, at 9:05 a.m. Leave to appeal denied 498 Mich ___.

Salah Al-Shara pleaded *nolo contendere* to domestic violence in the 19th District Court. The district court, Mark W. Somers, J., entered defendant's plea and imposed sentence. Defendant filed a timely motion in the district court to withdraw his plea, claiming that the district court failed to advise him of his rights under *People v Jaworski*, 387 Mich 21 (1972) before taking his plea. The district court denied defendant's motion, and he appealed in Wayne Circuit Court. The circuit court, Richard M. Skutt, J., vacated defendant's plea and remanded the case to the district court for trial. The circuit court concluded that the district court had failed to substantially comply with the plea-taking procedure in MCR 6.610(E) and that defendant was entitled to withdraw his plea. The prosecution appealed by leave granted.

The Court of Appeals *held*:

The circuit court properly ruled that the district court failed to adequately communicate to defendant or otherwise acknowledge at defendant's plea hearing the three constitutional rights he would be waiving by entering a plea to the charge against him. The three constitutional rights—the right to a jury trial, the right to confront accusers, and the right to remain silent—are referred to as the *Jaworski* rights, and a defendant must knowingly and understandingly waive those three rights in order to tender a valid plea. A defendant may be informed of his or her *Jaworski* rights on the record at the plea hearing or in a writing, and a district court must assure that the defendant has been apprised of the rights before taking his or her guilty or *nolo contendere* plea. The district court may satisfy this obligation in one of two ways: (1) the district court may enumerate the rights on the record at a defendant's plea hearing, or (2) when a defendant has been apprised of these rights in a writing, the district court may refer to the writing and confirm that the defendant read and understood the rights and wishes to waive them. It was undisputed that defendant was given, and that he signed, an advice-of-rights form. When a written advice-of-rights form is involved,

the district court is not required to repeat the individual rights on the record. It needs only to verify the defendant's knowledge and understanding of the rights, and to confirm the defendant's desire to waive the rights. In this case, the district court failed to substantially comply with either of the two methods. The district court did not enumerate the rights on the record at defendant's plea hearing, and the district court did not refer to the written advice-of-rights form to determine whether defendant had read and understood the rights listed on the form. Because the omission of even one *Jaworski* right entitles a defendant to withdraw his or her plea, the circuit court properly vacated defendant's plea and remanded the case for trial in the district court.

Affirmed.

SAWYER, J., dissenting, concluded that defendant was not entitled to withdraw his plea because the district court substantially complied with the plea-taking requirements of MCR 6.610(E). Defendant was given, and he signed, an advice-of-rights form containing the required *Jaworski* rights. The district court did not refer to the written form at the plea hearing, and the district court did not enumerate the individual rights on the record, but these omissions do not justify defendant's plea withdrawal because any deviation from the procedure prescribed by MCR 6.610(E) did not affect defendant's substantial rights. The signed advice-of-rights form is evidence of defendant's knowledge of his *Jaworski* rights. In addition, MCR 6.610(E)(7) authorizes a district court to take a defendant's plea without having the defendant appear in court. Because the court rule allows for a plea to be taken wholly in writing, without a colloquy about a defendant's *Jaworski* rights, the district court's failure to conduct such a colloquy in this case should not invalidate defendant's plea. The propriety of allowing defendant to withdraw his plea under these circumstances should be determined by application of the substantial compliance doctrine and consideration of whether the district court's decision to deny defendant's motion to withdraw his plea constituted a clear abuse of discretion resulting in a miscarriage of justice.

CRIMINAL PROCEDURE — PLEA HEARING — ADVICE OF RIGHTS — RIGHT TO WITHDRAW PLEA.

A defendant is entitled to withdraw a plea of *nolo contendere* in district court when the district court fails to substantially comply with its obligation to assure that the defendant knows and understands he or she has the right to a jury trial, the right to confront

his or her accusers, and the right to remain silent; although a
district court need not enumerate these rights on the record at a
defendant's plea hearing when the defendant has signed a written
advice-of-rights form, the district court must refer to the form on
the record and engage in a colloquy with the defendant to deter-
mine whether he or she is knowingly and understandingly waiving
those rights before accepting the defendant's plea.

*Bill Schuette*, Attorney General, *Aaron D. Lind-
strom*, Solicitor General, *Kym L. Worthy*, Prosecuting
Attorney, *Timothy A. Baughman*, Chief of Research,
and *Margaret Gillis Ayalp*, Assistant Prosecuting At-
torney, for the people.

*Cecilia Quirindongo Baunsoe* for defendant.

Before: HOEKSTRA, P.J., and SAWYER and BORRELLO,
JJ.

HOEKSTRA, P.J. The prosecution appeals by leave
granted a circuit court order vacating defendant's *nolo
contendere* plea. Because the district court failed to
advise defendant of his *Jaworski*[1] rights during the
plea proceedings as required by MCR 6.610(E)(4), the
district court abused its discretion when it denied
defendant's motion to set aside defendant's plea, and
the circuit court properly reversed the district court's
decision. We affirm.

As a result of an incident with his wife at a restau-
rant on May 27, 2013, defendant was charged with one
count of domestic violence under MCL 750.81(2). The
prosecution offered defendant a plea agreement, which
he accepted. Under this agreement, defendant would
plead no contest to one count of domestic violence in
exchange for a sentence consisting of one year of
probation with credit for two months of probation

---

[1] *People v Jaworski*, 387 Mich 21; 194 NW2d 868 (1972).

already served, and no jail time. It is uncontested that, on May 31, 2013, defendant signed a written "Pre-Trial Conference Summary" form detailing the terms of the plea agreement.[2] This form, signed by defendant, also included the following waiver of defendant's trial rights:

> I HEREBY ACCEPT THE ABOVE AGREEMENT AND WAIVE THE FOLLOWING RIGHTS:
>
> 1. THE RIGHT TO A JURY TRIAL OR TRIAL BY THE COURT.
>
> 2. THE RIGHT TO BE PRESUMED INNOCENT UNLESS PROVEN GUILTY BEYOND A REASONABLE DOUBT.
>
> 3. THE RIGHT TO CONFRONT AND QUESTION THE WITNESSES AGAINST ME.
>
> 4. THE RIGHT TO HAVE THE COURT COMPEL WITNESSES TO COME TO COURT AND TESTIFY FOR ME.
>
> 5. THE RIGHT TO TESTIFY AT MY TRIAL. THE RIGHT TO REMAIN SILENT AND NOT HAVE MY SILENCE USED AGAINST ME.
>
> 6. THE RIGHT TO BE REPRESENTED BY A LAWYER, AND THE RIGHT TO HAVE THE COURT APPOINT A LAWYER TO REPRESENT ME IF I AM INDIGENT AND MEET CERTAIN CONDITIONS.

On May 31, 2013, the district court held a hearing during which the parties indicated that they had come to a resolution in the case and that defendant wished to enter a no-contest plea. After recounting the terms of the agreement and confirming that defendant realized the plea would constitute a violation of a previous

---

[2] Although we do not have the benefit of the district court file, this document appears as an exhibit to the prosecution's application for leave to appeal in this Court. The parties do not contest that this document was signed by defendant.

order of probation entered in another case, the district
court concluded that there was factual support for
defendant's plea in the contents of an incident report
dated May 27, 2013. In terms of advising defendant of
the rights he waived by entering a plea, the district
court engaged in the following brief colloquy with
defendant:

> [*District Court*]: Mr. Al-Shara are you giving up your
> Constitutional Rights to a trial by judge or jury in this
> case?
>
> [*Defendant*]: Yes, Your Honor.
>
> [*District Court*]: Is anybody forcing you into this in any
> way whatsoever, Mr. Al-Shara?
>
> [*Defendant*]: No, Your Honor.
>
> [*District Court*]: Very well. The Court will accept the
> plea of no contest on 13S01020[;] we will enter a finding of
> a probation violation on 12S0273.

Once the district court accepted defendant's plea, it
heard the victim's impact statement, and it immedi-
ately proceeded to sentence defendant in accordance
with the plea agreement reached by the parties.

On August 9, 2013, defendant filed a timely motion
in the district court to withdraw his plea. In relevant
part, defendant asserted that he should be permitted
to withdraw his plea because the district court failed to
advise defendant of his rights as required by MCR
6.610(E). According to defendant, this obvious error
affected his substantial rights and merited setting
aside his plea.

The district court disagreed and denied defendant's
motion. The district court reasoned that the proceed-
ings as a whole did not so deviate from the court rule
that defendant's substantial rights were affected, and
that to allow defendant's plea to stand would not

constitute a miscarriage of justice as required to set aside defendant's plea after conviction and sentencing. See *People v Ward*, 459 Mich 602, 614; 594 NW2d 47 (1999). In reaching this conclusion, the district court characterized any deviation from the court rules as a mere "technical failure." The district court further reasoned that defendant was not harmed by this technical failure because defendant signed a written form advising him of his rights, defendant was "not a stranger to court proceedings," and defendant had failed to provide an affidavit attesting to the fact that he actually failed to understand his rights. The district court further suggested that defendant's real motivation in seeking to set aside his plea was simply to avoid the probation violation consequences arising in his other case. Under these circumstances, the trial court concluded that defendant had not shown a miscarriage of justice arising from the plea proceedings and was therefore not entitled to have his plea set aside.

After the district court denied defendant's motion, defendant filed a claim of appeal in the Wayne Circuit Court, again asserting that his plea should be set aside because the district court failed to comply with MCR 6.610(E). The circuit court applied a substantial compliance standard to its review and concluded that the plea-taking process in this case was "clearly defective" because defendant had not been advised of his rights on the record, and because the district court had failed to refer to the form signed by defendant to confirm that defendant had read and understood the form's content as required by MCR 6.610(E)(4). Because the rights omitted by the district court included the constitutional rights set forth in *Boykin*[3] and *Jaworski*, the

---

[3] *Boykin v Alabama*, 395 US 238, 243; 89 S Ct 1709; 23 L Ed 2d 274 (1969).

circuit court concluded that defendant's plea was invalid, that the error could not be corrected on remand, and that defendant was therefore entitled to withdraw his plea. For these reasons, the circuit court vacated defendant's plea and remanded to the district court for trial. Following the circuit court's decision, the prosecutor filed an application for leave to appeal in this Court, which we granted.[4]

On appeal, the prosecutor argues that the circuit court erred by vacating defendant's plea because the district court substantially complied with MCR 6.610(E), and defendant has not shown that any deviation from the court rule affected his substantial rights. Instead, according to the prosecution, any errors committed by the district court were minor and the combination of written and oral waivers during the proceedings served to adequately advise defendant of his rights. Because there is no indication that defendant failed to actually understand his rights, the prosecutor maintains that defendant has not shown error affecting his substantial rights or a miscarriage of justice. Under these circumstances, the prosecutor asserts that the district court did not abuse its discretion by denying defendant's motion to withdraw his plea.

A trial court's ruling on a motion to withdraw a plea is reviewed for an abuse of discretion. *People v Brown*, 492 Mich 684, 688; 822 NW2d 208 (2012). An abuse of discretion occurs when the trial court's decision falls outside the range of principled outcomes. *People v Fonville*, 291 Mich App 363, 376; 804 NW2d 878 (2011). A trial court also necessarily abuses its discretion when it makes an error of law. *People v Swain*, 288 Mich App 609, 628-629; 794 NW2d 92 (2010). To the

---

[4] *People v Al-Shara*, unpublished order of the Court of Appeals, entered April 18, 2014 (Docket No. 320209).

extent resolution of this case poses questions of consti-
tutional law or requires interpretation of court rules,
our review is de novo. *People v Clement*, 254 Mich App
387, 389-390; 657 NW2d 172 (2002).

"There is no absolute right to withdraw a guilty plea
once the trial court has accepted it." *People v Patmore*,
264 Mich App 139, 149; 693 NW2d 385 (2004). None-
theless, when there has been a defect in the plea-
taking process, a defendant may seek to set aside his or
her plea. See *Brown*, 492 Mich at 693; *City of Livonia
v Jasik*, 393 Mich 439, 442-443; 224 NW2d 838 (1975).
The withdrawal of a plea entered in district court is
governed by MCR 6.610(E)(8), which states:

> (a) A defendant may not challenge a plea on appeal
> unless the defendant moved in the trial court to withdraw
> the plea for noncompliance with these rules. Such a
> motion may be made either before or after sentence has
> been imposed. After imposition of sentence, the defendant
> may file a motion to withdraw the plea within the time for
> filing an application for leave to appeal under MCR
> 7.105[G](2).
>
> (b) If the trial court determines that a deviation affect-
> ing substantial rights occurred, it shall correct the devia-
> tion and give the defendant the option of permitting the
> plea to stand or of withdrawing the plea. If the trial court
> determines either a deviation did not occur, or that the
> deviation did not affect substantial rights, it may permit
> the defendant to withdraw the plea only if it does not
> cause substantial prejudice to the people because of reli-
> ance on the plea.
>
> (c) If a deviation is corrected, any appeal will be on the
> whole record including the subsequent advice and inqui-
> ries.

As this rule makes plain, a defendant may seek to
withdraw his or her district court plea for noncompli-
ance with the plea-taking requirements set forth in the

court rules, but to succeed on such a motion, a defendant must demonstrate that a deviation affecting substantial rights occurred. See MCR 6.610(E)(8)(b). Given the requirements of the court rule for setting aside a plea, the question before us in this case is twofold: (1) whether the trial court deviated from the court rules governing the plea-taking process, and (2) if so, whether this deviation entitles defendant to set aside his plea.

The process for accepting a plea in district court is set forth in MCR 6.610(E). Under this rule, before accepting a plea of guilty or *nolo contendere*, the district court has an obligation to determine that the plea is "understanding, voluntary, and accurate." MCR 6.610(E)(1). See also *Brown*, 492 Mich at 688-689. For a plea to be voluntary and understanding, a defendant must be aware of the rights he or she waives by entering the plea as well as the direct consequences of the plea. See *People v Cole*, 491 Mich 325, 332-333; 817 NW2d 497 (2012). A defendant must be sufficiently aware of his or her trial rights and the direct consequences of his or her plea before a defendant can make " 'a voluntary and intelligent choice among the alternative courses of action open to the defendant.' " See *id.* at 333, quoting *North Carolina v Alford*, 400 US 25, 31; 91 S Ct 160; 27 L Ed 2d 162 (1970).

"A no-contest or a guilty plea constitutes a waiver of several constitutional rights, including the privilege against compulsory self-incrimination, the right to a trial by jury, and the right to confront one's accusers."[5]

---

[5] These constitutional rights also exist in the context of misdemeanor offenses. See, e.g., *Berkemer v McCarty*, 468 US 420, 433; 104 S Ct 3138; 82 L Ed 2d 317 (1984) (applying the constitutional prohibition against compelled self-incrimination, as safeguarded through the provision of *Miranda* warnings, to misdemeanors as well as felonies); *District of Columbia v Clawans*, 300 US 617, 630-631; 57 S Ct 660; 81 L Ed 843

*Cole*, 491 Mich at 332. Because a defendant waives these rights by entering a plea, "the defendant must be informed of these three rights, for without knowledge he cannot understandingly waive those rights." *Jaworski*, 387 Mich at 29. While there are other rights about which a defendant must also be informed, these three rights, often referred to in Michigan as the *Jaworski* rights, were given preeminent importance in plea proceedings by the United States Supreme Court in *Boykin*, 395 US at 243. And, in *Jaworski*, 387 Mich at 31, the Michigan Supreme Court later determined that a felony conviction entered pursuant to a plea must be set aside if the defendant was not advised of all three rights—his or her rights to a jury trial, to confront his or her accusers, and to remain silent. As a matter of policy, these advice-of-rights requirements were imported into the district court context in 1988 via the court rules so that a district court must, like a circuit court, advise a defendant pleading to a misdemeanor of these *Jaworski* rights at the plea proceedings. See *People v Yost*, 433 Mich 133, 140; 445 NW2d 95 (1989).

In particular, among other rights and information, MCR 6.610(E)(3) specifically requires the district court to inform a defendant of the *Jaworski* rights he or she will waive by entering a plea. The rule states:

> (3) The court shall advise the defendant of the following:

---

(1937) (requiring reversal when the misdemeanor defendant's opportunity for cross-examination was restricted); *People v Antkoviak*, 242 Mich App 424, 480-482; 619 NW2d 18 (2000) (recognizing the constitutional right to a jury trial for misdemeanor offenses in Michigan under Const 1963, art 1, § 20). See also *Pointer v Texas*, 380 US 400, 405; 85 S Ct 1065; 13 L Ed 2d 923 (1965) ("There are few subjects, perhaps, upon which this Court and other courts have been more nearly unanimous than in their expressions of belief that the right of confrontation and cross-examination is an essential and fundamental requirement for the kind of fair trial which is this country's constitutional goal.").

(a) the mandatory minimum jail sentence, if any, and the maximum possible penalty for the offense,

(b) that if the plea is accepted the defendant will not have a trial of any kind and that the defendant gives up the following rights that the defendant would have at trial:

(i) the right to have witnesses called for the defendant's defense at trial,

(ii) the right to cross-examine all witnesses called against the defendant,

(iii) the right to testify or to remain silent without an inference being drawn from said silence,

(iv) the presumption of innocence and the requirement that the defendant's guilt be proven beyond a reasonable doubt. [MCR 6.610(E)(3).]

Regarding the manner in which this information may be imparted, MCR 6.610(E)(4) directs that a defendant may be informed of these rights as follows:

(a) on the record,

(b) in a writing made part of the file, or

(c) in a writing referred to on the record.

If the court uses a writing pursuant to subrule (E)(4)(b) or (c), the court shall address the defendant and obtain from the defendant orally on the record a statement that the rights were read and understood and a waiver of those rights. The waiver may be obtained without repeating the individual rights.

Given the plain language of MCR 6.610(E)(4), it is clear that a defendant may be advised of his or her rights either in writing or on the record. Either manner is sufficient. However, whatever manner is used, the rule makes plain that there must be some colloquy with a defendant on the record regarding his or her rights to ensure that the defendant has been advised of

those rights. That is, even if a defendant is advised of his or her rights in writing, the rule mandates that "*the court shall address the defendant and obtain from the defendant orally on the record a statement that the rights were read and understood and a waiver of those rights.*" MCR 6.610(E)(4) (emphasis added). The trial court need not necessarily reiterate each of the individual rights on the record, but it must, at a minimum, verify that the defendant did in fact read and understand those rights. *Id.* In the absence of such a colloquy on the record, intelligent waiver of these important rights cannot be presumed. See *Jaworski*, 387 Mich at 29.

When considering whether a trial court complied with the court rules governing plea proceedings and whether any deviation entitles a defendant to reversal of his or her plea, we review under the doctrine of substantial compliance[6] whether the trial court ob-

---

[6] When reviewing defendant's motion to set aside his plea in this case, the district court mistakenly relied on *Ward*, 459 Mich at 613-614, in which the Court did not apply the doctrine of substantial compliance but instead emphasized that withdrawal of a guilty plea after conviction and sentencing is disfavored and subject to a showing of a miscarriage of justice. Like the circuit court, we conclude that the instant dispute is controlled not by *Ward* but by *People v Saffold*, 465 Mich 268; 631 NW2d 320 (2001). That is, *Ward* was decided before MCR 6.610, MCR 7.104, and MCR 7.105 were amended to include time constraints for challenging plea-based convictions entered in district court. See *Ward*, 459 Mich at 614-615. The foundation of *Ward*'s reasoning was that "long delayed direct appeals" were to be "deemed collateral." *Id.* at 614 (appeal was brought more than 12 months after judgement). Collateral attacks on a plea-based conviction—of the type described in *Ward*—have long been disfavored because the procedural safeguards provided for in *Boykin* and *Jaworski* "must at some point be balanced with considerations of finality and administrative consequences in order to best achieve proceedings that are consistent with the rudimentary demands of fair procedure." *People v Ingram*, 439 Mich 288, 298; 484 NW2d 241 (1992). Because the present case involves a timely motion to set aside a plea in accordance with the

served the court rules detailing the plea-taking procedure. *People v Saffold*, 465 Mich 268, 273; 631 NW2d 320 (2001). Under this doctrine, literal or "talismanic" compliance with the court rules is not required. See *id.* at 280; *Guilty Plea Cases*, 395 Mich 96, 124; 235 NW2d 132 (1975). Instead, reviewing courts consider the record to determine whether "the judge informed the defendant of the constitutional and other rights delineated in the rule in such manner as reasonably to warrant the conclusion that the defendant understood what a trial is and that by pleading guilty he was knowingly giving up his right to a trial and the rights and incidents of a trial." *Guilty Plea Cases*, 395 Mich at 124. However, when applying the doctrine of substantial compliance, there must be consideration of the preeminence given the *Jaworski* rights, and it remains the rule in Michigan that failure to advise a defendant of his or her *Jaworski* rights during plea proceedings mandates automatic reversal and the setting aside of the defendant's plea. See *Saffold*, 465 Mich at 273, citing *Jaworski*, 387 Mich 21. See also *People v Plumaj*, 284 Mich App 645, 649; 773 NW2d 763 (2009). Omission of a *Jaworski* right requires automatic reversal because a valid waiver of these important *Jaworski* rights cannot be presumed from a silent record, *Jaworski*, 387 Mich at 29, and this type of "*Jaworski* defect cannot be corrected on a remand," *Guilty Plea Cases*, 395 Mich at 121. Consequently, when considering the plea proceedings "[t]o determine if there was substantial compliance with the court rule, the first question is whether the right omitted or misstated is a '*Jaworski* right.' " *Saffold*, 465 Mich at 273.

---

temporal restraints set forth in MCR 6.610(E)(8), the present case is not a collateral attack subject to review under *Ward*. This case is instead properly considered under the principles of *Saffold*.

If a *Jaworski* right is omitted from the plea proceedings, then reversal is mandated. However, the omission from the plea proceedings of one or another of the rights attendant to a trial, other than a *Jaworski* right, or the imprecise recital of any such right, including a *Jaworski* right, does not necessarily require reversal. [*Saffold*, 465 Mich at 273-274.][7]

In this case, defendant's *Jaworski* rights are clearly implicated. At the plea hearing, the district court appropriately referenced defendant's right to a jury trial but wholly failed to inform defendant of his right to remain silent and his right to confront his accusers. See MCR 6.610(E)(3)(b). The district court also failed to make any reference to defendant's execution of a written advice-of-rights form or to verify that defendant actually read and understood the rights communicated on the form he signed. See MCR 6.610(E)(4). Moreover, these rights were not mentioned on the record by anyone else within earshot of the district court judge and defendant. See *Saffold*, 465 Mich at 278-280; *Guilty Plea Cases*, 395 Mich at 114-115. Given

---

[7] Although *Saffold* and *Guilty Plea Cases* applied the doctrine of substantial compliance when analyzing the procedure for taking felony pleas in circuit courts, we think it appropriate to also apply this doctrine by analogy to the acceptance of misdemeanor pleas in district court under MCR 6.610. While MCR 6.610 is not identical to its circuit court counterpart, MCR 6.302, the two rules nonetheless share many common features and the same overarching aim to inform a defendant of the rights waived by entering a plea, as well as the consequences of a plea. Hence, we are persuaded that, like a circuit court under MCR 6.302, a district court need not conduct the colloquy described in MCR 6.610 verbatim, but it must substantially comply with the rule. And as in the circuit court, whether reversal is required will depend on the nature of the noncompliance, bearing in mind that omission of a *Jaworski* right requires automatic reversal because such a defect is intrinsically harmful and cannot be corrected on remand. See, generally, *Guilty Plea Cases*, 395 Mich at 121; *Plumaj*, 284 Mich App at 649. Where a *Jaworski* right is not implicated, whether a deviation occurred is judged under the substantial compliance doctrine, and under MCR 6.610(E)(8), a defendant is only entitled to relief if the deviation affected his or her substantial rights.

the total omission of two of the three *Jaworski* rights
from the record of defendant's plea proceedings, it
follows that defendant is automatically entitled to
have his plea set aside. See *Saffold*, 465 Mich at
273-274; *Jaworski*, 387 Mich at 31.

In contrast to this conclusion, the prosecutor main-
tains that defendant's plea should not be automatically
set aside because defendant's uncontested signature on
a written form advising him of these rights satisfies the
substantial compliance standard with respect to MCR
6.610(E)(4). The obvious flaw with this substantial com-
pliance argument is that it would, in effect, obviate the
requirement that the court refer to defendant's *Jawor-
ski* rights on the record in some manner—either by
enumerating those rights or by verifying that defen-
dant had read and understood a written advice of
those rights. In other words, under MCR 6.610(E)(4),
if a written form is used to inform a defendant of his
or her rights, two requirements are mandatory: (1)
the writing must detail the rights in question, and (2)
the court must conduct an oral colloquy with the
defendant, on the record, regarding that writing.
When a court completely abdicates its obligation to
personally discuss the writing with a defendant on
the record, and the rights contained in the writing are
not otherwise imparted to a defendant on the record
during the plea proceedings, we fail to see how the
district court can be said to have substantially com-
plied with MCR 6.610(E)(4).[8] Under these circum-

---

[8] Interestingly, this Court has historically rejected the contention
that overt record references by the trial court to a written advice-of-
rights form satisfy the requirement that a trial court personally
address a defendant when apprising him or her of rights waived by
entering a plea. See, e.g., *People v Napier*, 69 Mich App 46, 47-48; 244
NW2d 359 (1976), and cases cited therein. Such procedures are undoubt-
edly permissible under today's court rules. See MCR 6.302(B)(5);

stances, the issue is not one of wording or phraseology to which substantial compliance applies. See, e.g., *Guilty Plea Cases*, 395 Mich at 123. Rather, the issue is one of omission. Because the district court failed to enumerate defendant's rights, or in lieu of itemizing those rights, to refer to the form executed by defendant, the district court wholly failed to apprise defendant of his *Jaworski* rights at the plea proceedings.

In contrast to the prosecutor and the district court, we cannot characterize the district court's failure as merely being an unimportant technical defect that does not entitle defendant to relief. The requirement that the court personally address defendant on the record regarding the waiver of trial rights is not a meaningless formality. Rather, the court's obligation to assume the principal role of imparting the required information is a central component of the plea-taking process, and it serves a number of important purposes. See *Guilty Plea Cases*, 395 Mich at 114. First, it preserves the integrity of the process by which pleas are offered and creates a clear record for appellate review. Second, it provides the trial court with an opportunity to observe a defendant's demeanor and response to the imparted information, thereby facilitating the trial court's assessment of the defendant's understanding of the information. Finally, it serves to impress upon a defendant the gravity and import of his or her plea at "the solemn moment of passage from

MCL 6.610(E)(4). However, it is clear from the language in the court rules that the requirement nonetheless remains that a court must personally address a defendant on the record to determine whether the defendant read and understood the written rights, and that this express requirement is distinct from, and cannot be satisfied solely by, a written form. Indeed, as we observe in this opinion, to allow a writing to satisfy both requirements would obviate the plain language of the court rules by effectively eliminating all necessity of an in-court reference to the written form during the plea proceedings.

presumed innocence to conviction . . . ." See *id.* at 114, 120-122; *Jaworski,* 387 Mich at 31; *Napier,* 69 Mich App at 48-49. As more fully articulated by our Supreme Court in *Guilty Plea Cases,* 395 Mich at 121:

> That a defendant may have been tried by a jury in another case or learned of his rights in an earlier plea-taking proceeding would no more negate his right to be informed of the right to and incidents of a trial at the time a plea of guilty is offered than would proof that he had seen Perry Mason on television or read Erle Stanley Gardner.
>
> Many defendants have been made aware at one time or another of the right to and incidents of a trial and the consequences of a plea of guilty. Nevertheless, whatever the personal history of the accused and the quality of his representation, the appearance of justice and the integrity of the process by which pleas of guilty are offered and accepted require, in the solemn moment of passage from presumed innocence to conviction and potential imprisonment, that the judge apprise every defendant of the rights he is waiving and consequences of his plea and make the other determinations required by the rule.

In this solemn context, a written advice of rights alone—signed by a defendant off the record and outside of the court's presence, and unreferenced by the court or anyone else during the plea hearing—cannot satisfy, substantially or otherwise, a trial court's obligation under MCR 6.610(E)(4) to ensure that the defendant's plea is understandingly and voluntarily made with knowledge of his or her *Jaworski* rights. Thus, even when a written advice-of-rights form has been signed by a defendant, there cannot be a total omission of any reference during the in-court proceedings to either the enumerated rights in question or to the form itself signed by defendant off the record.[9] See

---

[9] We do not hold that literal compliance with MCR 6.610(E)(4) is required. That is, we do not suggest that a talismanic wording is

*Saffold*, 465 Mich. at 280. Moreover, when the rights implicated by the plea-taking procedure include a defendant's *Jaworski* rights, the defendant is automatically entitled to set aside his or her plea when reference to those rights, either by their express enumeration or by reference to a written document, is omitted from the in-court plea proceedings. See *Saffold*, 465 Mich at 273, 281; *Jaworski*, 387 Mich at 31.

Consequently, in this case, because the district court failed to substantially comply with MCR 6.610(E) and the deviation implicated defendant's *Jaworski* rights, defendant was automatically entitled to set aside his plea. Therefore, the district court abused its discretion by denying defendant's motion to set aside his plea. For this reason, we affirm the circuit court's order reversing the district court and remanding for trial.

Affirmed.

BORRELLO, J., concurred with HOEKSTRA, P.J.

SAWYER, J. (*dissenting*). I respectfully dissent.

Defendant argues, and the majority agrees, that he is entitled to withdraw his plea because the district court failed to fully and strictly comply with MCR 6.610(E). But reversal is mandated only if a *Jaworski*[1]

required in the in-court waiver colloquy with a defendant. See *Saffold*, 465 Mich at 280. Rather, a trial court may substantially comply with the personal address requirement in a number of ways, provided that there is a discussion of a defendant's rights—or discussion of the signed advice-of-rights form—at any point during the in-court proceedings, even by someone other than the trial judge. See *id.*; *Guilty Plea Cases*, 395 Mich at 114-115, 124. For example, it might satisfy the court rule if, in the presence of the trial court and a defendant, the prosecutor or defense attorney made reference to the fact that the defendant previously signed a form advising defendant of his or her rights. See *Guilty Plea Cases*, 395 Mich at 114-115.

[1] *People v Jaworski*, 387 Mich 21; 194 NW2d 868 (1972).

right is omitted from the plea proceedings.[2] As is acknowledged by everyone in this case, the *Jaworski* rights were not omitted from the proceedings—defendant was advised of them in a writing, which he signed. The only failure in this case concerned the requirement that, when a defendant is advised of his or her rights in writing, the trial court also must engage in a colloquy with the defendant on the record to establish that the defendant has read and understood those rights.[3] I would classify this failure as a deviation that "did not affect substantial rights," and therefore, withdrawal of the plea was not required.[4] Rather, I would apply the substantial compliance requirement under *Saffold*.

In *Saffold*, the Michigan Supreme Court reiterated the principles established in *Guilty Plea Cases*,[5] and described the doctrine of substantial compliance with regard to "[t]he procedures governing the acceptance of a guilty plea" under MCR 6.302. The Court stated:

> To determine if there was substantial compliance with the court rule, the first question is whether the right omitted or misstated is a *"Jaworski* right." In *People v Jaworski*, 387 Mich 21; 194 NW2d 868 (1972), this Court held that a plea of guilty must be set aside where the record of the plea proceedings shows that the defendant was not advised of all three constitutional rights involved in a waiver of a guilty plea: 1) the right to trial by jury, 2) the right to confront one's accusers, and 3) the privilege against self-incrimination, relying on *Boykin v Alabama*, 395 US 238; 89 S Ct 1709; 23 L Ed 2d 274 (1969). *If a* Jaworski *right is omitted from the plea proceedings, then*

---

[2] *People v Saffold*, 465 Mich 268, 273; 631 NW2d 320 (2001).

[3] MCR 6.610(E)(4).

[4] MCR 6.610(E)(8)(b).

[5] *Guilty Plea Cases*, 395 Mich 96, 122; 235 NW2d 132 (1975).

*reversal is mandated.* However, the omission from the plea proceedings of one or another of the rights attendant to a trial, other than a *Jaworski* right, or the imprecise recital of any such right, including a *Jaworski* right, does not necessarily require reversal. *Guilty Plea Cases,* [395 Mich] at 122.[6]

The majority's conclusion that "the district court failed to substantially comply with MCR 6.610(E) and the deviation implicated defendant's *Jaworski* rights" is unsupported by the court rule. Specifically, MCR 6.610(E)(7) provides for a process by which a district court plea may be entered in writing, without the defendant's actual appearance in court. While this case did not involve the written plea procedure under the court rule, the fact that this rule exists belies the majority's conclusion that there must be strict compliance with the colloquy requirements of MCR 6.610(E)(4). That is, MCR 6.610(E)(7) provides for a process by which a plea may taken without such a colloquy; therefore, it cannot be concluded that the failure to engage in such a colloquy requires that defendant be allowed to withdraw his plea. Rather, I would suggest that we must look to the question of substantial compliance and determine whether the district court's decision to not allow defendant to withdraw his plea constituted "a clear abuse of discretion resulting in a miscarriage of justice."[7]

The district court explained its reasoning for denying defendant's motion to withdraw his plea as follows:

The motion filed on behalf of Mr. Al-Shara, at the top of page two, suggest [sic] the reason for the motion is

---

[6] *Saffold,* 465 Mich at 273-274 (emphasis added). See also *People v Plumaj,* 284 Mich App 645, 649; 773 NW2d 763 (2009).

[7] *People v Montrose (After Remand),* 201 Mich App 378, 380; 506 NW2d 565 (1993).

"defendant would not have accepted the plea agreement
had he been aware of the effect that it would have on his
probation in the unrelated case,["] that is, stated as the
motivation and reason for the filing of the motion.

With regard to advice of his rights, the defense con-
cedes that [sic] page one of their brief, that Mr. Al-Shara
signed a waiver of rights. That concession is again con-
tained at page five of the defense brief where it states in
the first full paragraph, while Mr. Al-Shara concedes that
he did sign an Advice of Rights sheet in connection with
this case and then it goes on from there so again, he has
acknowledged signing the Advice of Rights.

The file does contain a written waiver of rights so he
would have had both the Advice of Rights at the Arraign-
ment stage of the proceedings and again, a signed waiver
of rights in connection with the plea proceeding itself.
There is no indication in the body of the motion or by way
of affidavit from Mr. Al-Shara that he actually failed to
understand his rights. That allegation is conspicuously
absent of [sic] the motion. . . . There is no suggestion
anywhere in the motion that Mr. Al-Shara was either not
advised of or did not understand his rights in full and the
effect of waiving those rights by proceeding with a plea at
the time, that is, just conspicuously absent from the
motion.

"A trial court abuses its discretion when its decision
falls outside the range of reasonable and principled
outcomes, or makes an error of law."[8] I cannot say that
the district court's decision falls outside the range of
principled outcomes. Defendant was advised of his
*Jaworski* rights in writing. It is uncontested that he
signed that writing. As the district court noted, there is
no allegation that defendant did not read or under-
stand those rights. Rather, defendant merely appears
to be latching onto a technical failure in the plea-

_____

[8] *People v Swain*, 288 Mich App 609, 628-629; 794 NW2d 92 (2010)
(citations omitted).

taking process because he is now unhappy with the collateral consequences of his plea on his probation status in another case.

I would reverse the circuit court and reinstate defendant's plea and sentence.